**Jean JENKINS, Plaintiff,**

v.

**TOYOTA, JAPAN; Toyota Motor Sales, U.S.A., Inc.; Toyota Motor Distributors, Inc., Defendants.**

**No. CIV–81–415E.**

United States District Court, New York.

Dec. 12, 1984.

Paul Shatkin, Buffalo, N.Y., for plaintiff.

Paul F. Jones, Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

On June 26, 1982 counsel for the parties herein appeared before me for oral argument of defendants' motion to compel discovery. At that time the parties represented that they had resolved the motion and that defendants' attorney would submit an appropriate Order for my consideration, routed through plaintiff's attorney. In due course such proposed Order, in pertinent part directing plaintiff to answer defendants' interrogatories and produce requested documents within 20 days, was submitted and, with minor alterations, signed and filed July 12, 1982. When plaintiff failed to respond as required by such Order, counsel for defendants on August 12, 1982 brought the instant motion pursuant to Fed.R.Civ.P. rules 37(b) and 37(d) for the imposition of sanctions including dismissal of the Complaint, preclusion of the issues raised by the Complaint and an award of attorneys' fees. In opposition plaintiff's attorney submitted his affidavit and that of a legal assistant in his office. Plaintiff's attorney indicates that he had received no actual notice of the July 12th Order until his receipt of the notice of the instant motion, due to his legal assistant's mistake in filing such Order incorrectly when it arrived. The legal assistant's affidavit corroborates this fact. He also indicates that an award of money sanctions against his client would force her to discontinue this lawsuit due to her financial situation. Counsel for plaintiff further represents that on August 12th he filed the required answers and documents with this Court and served the same upon defendants, with a cover letter explaining the error and asking if counsel intended to proceed with the instant motion. By reply letter counsel for defendants answered:

"Because our client has incurred legal fees in connection with the original motion that resulted in the 20-day order and

the pending motion for sanctions, we have been instructed to proceed with the motion for sanctions insofar as that motion seeks payment of attorneys' fees * * *."

Rule 37(b) provides for an award of expenses and attorney's fees incurred by the movant in obtaining an order compelling discovery, "unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Like provision is made for an award to the party opposing the motion, should the motion be denied.

In support of the initial motion to compel discovery, defendants represented that there had been two instances of non-compliance with defendants' discovery requests, each followed by amicable agreements to adjourn the compliance date. The later of these agreements, effected by telephone January 13, 1982, was "that the deposition of plaintiff would be adjourned generally pending our receipt of plaintiff's answers" to the interrogatories and production requests. Affidavit of Paul F. Jones, May 28, 1982. No other efforts to obtain compliance with defendants' discovery instruments occurred before defendants' motion to compel was filed June 15, 1982. Had the parties not resolved such motion between themselves, it would undoubtedly have been denied for defendants' failure to comply with rule 17 of this Court's Local Rules of Practice, which provides in pertinent part:

> "To promote the efficient administration of justice, unless otherwise ordered, no motion for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure shall be heard unless moving Counsel notifies the court by written affidavit that sincere attempts to resolve the discovery dispute have been made."

The purpose of this rule is, as indicated therein, to discourage recourse to the judicial dispute resolution process for matters ancillary to the litigation that can often be resolved by agreement if proper efforts are made.

In the instant case, the underlying discovery dispute did not, strictly speaking, even rise to the level of a dispute before defendants filed their motion to compel. The two instances of plaintiff's noncompliance were apologized for and explained by plaintiff's counsel. The second adjournment was general and apparently no day was set for compliance with the interrogatories and production requests. After waiting in silence for about five months defendants moved to compel discovery; the parties' representation on the day set for oral argument that they had resolved the matter evidences that no motion was necessary to achieve such resolution. When the agreed Order was not timely complied with, defendants continued in their uncooperative way, moving for drastic sanctions without so much as telephoning plaintiff's counsel for an explanation. The fact that plaintiff's counsel was able to file the interrogatories in this Court only a few hours after defendants' motion was filed corroborates the explanation that the notice of the motion for sanctions was the first indication plaintiff's counsel had received that the July 12th Order had been entered. Further, it shows that counsel for plaintiff was indeed being cooperative and was prepared to comply with the Order when it was received.

■ No sanctions may be awarded against plaintiff under these circumstances. However, attorney's fee and costs sanctions are entirely proper against defendants and their counsel equally, in view of their failure to observe both the letter and spirit of our rule requiring cooperation of counsel in discovery matters. That plaintiff's counsel may be retained on a contingency basis (and also that such counsel's dilatoriness led to the bringing—albeit not the *necessity* of bringing—the motion to compel) are considerations which are qualitatively and quantitatively pertinent to an award of an attorney's fee for opposing defendants' discovery and sanction motions.

Accordingly it is hereby ORDERED that defendants' motion for sanctions is denied and that an award of attorney's fees and costs in responding to and opposing defendants' motions for discovery and for sanctions will be granted, such fees and costs to be borne equally by defendants and by their counsel. Plaintiff's counsel is directed to file and serve his detailed affidavit enumerating such costs and the detailed basis for any attorney's fee award within ten days of the entry of this Order. Defendants shall have five days thereafter to file and serve their response, if any. Thereafter this Court will consider what amounts shall be awarded.